JAMES HAWKINS APLC
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
Lauren Falk, Esq. (#316893)
Ava Issary, Esq. (#342252)
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com
Email: Lauren@jameshawkinsaplc.com
Email: Ava@jameshawkinsaplc.com

Attorneys for Plaintiffs ERIKA QUINTERO McCOLLEY and ORLANDO ALVAREZ, individually and on behalf of all others similarly situated,

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

ERIKA QUINTERO McCOLLEY and ORLANDO ALVAREZ individually and on behalf of all others similarly situated,

Plaintiffs,

v.

PACIFIC MARITIME ASSOCIATION; APM TERMINALS PACIFIC LLC; APS STEVEDORING, LLC; BENICIA PORT TERMINAL COMPANY; CERES TERMINALS INCORPORATED; CRESCENT CITY MARINE WAYS & DRYDOCK COMPANY, INC.; EAGLE MARINE SERVICES, LTD.; EVERPORT TERMINAL SERVICES, INC.; HARBOR INDUSTRIAL SERVICES CORPORATION; INNOVATIVE TERMINAL SERVICES INC.; INTERNATIONAL

CASE NO.: 4:26-cv-01184-KAW
Hon. Kandis A. Westmore

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Pay Wages Including Overtime as Required by Labor Code §§ 510 and 1194
2. Failure to Provide Meal Periods as Required by Labor Code §§ 226.7, 512
3. Failure to Provide Rest Periods as Required by Labor Code §§ 226.7, 512
4. Failure to Indemnify Necessary Business Expenses As Required by Labor Code § 2802
5. Failure to Provide Accurate Itemized Wage Statements As Required by Labor Code § 226;
6. Failure to Pay Timely Wages As Required by Labor Code § 203
7. Violation of Business & Professions Code § 17200, et seq.

**DEMAND FOR JURY TRIAL**

TRANSPORTATION SERVICE INC.; KINDER MORGAN BULK TERMINALS LLC; LBCT, LLC; MARINE TERMINALS CORPORATION; MARINE TERMINALS CORPORATION OF LOS ANGELES; MATSON NAVIGATION COMPANY, INC.; MATSON TERMINALS, INC.; METROPOLITAN STEVEDORE COMPANY; OCEAN TERMINAL SERVICES, INC.; PACIFIC CRANE MAINTENANCE COMPANY LP; PACIFIC RO-RO; STEVEDORING, LLC; PASHA STEVEDORING & TERMINALS LP; PORT MAINTENANCE GROUP; SSA MARINE, INC.; SSA TERMINALS, LLC; TERMINAL EQUIPMENT SERVICES, INC.; TOTAL TERMINALS INTERNATIONAL, LLC; TRANSPAC TERMINAL SERVICES, LLC; TRAPAC, LLC; YUSEN TERMINALS, INC.; and DOES 1 through 100, inclusive,

Defendants.

Plaintiffs ERIKA QUINTERO McCOLLEY and ORLANDO ALVAREZ ("Plaintiffs"), individually and on behalf of all others similarly situated (hereinafter collectively referred to as the "Class" or "Class Member"), hereby files this Complaint against Defendants PACIFIC MARITIME ASSOCIATION; PACIFIC MARITIME ASSOCIATION, INC.; APM TERMINALS PACIFIC LLC; APS STEVEDORING, LLC; BENICIA PORT TERMINAL COMPANY; CERES TERMINALS INCORPORATED; CRESCENT CITY MARINE WAYS & DRYDOCK COMPANY, INC.; EAGLE MARINE SERVICES, LTD.; EVERPORT TERMINAL SERVICES, INC.; HARBOR INDUSTRIAL SERVICES CORPORATION; INNOVATIVE TERMINAL SERVICES INC.; INTERNATIONAL TRANSPORTATION SERVICE INC.; KINDER MORGAN BULK TERMINALS LLC; LBCT, LLC; MARINE TERMINALS CORPORATION; MARINE TERMINALS CORPORATION OF LOS ANGELES; MATSON NAVIGATION COMPANY, INC.; MATSON TERMINALS, INC.; METROPOLITAN STEVEDORE COMPANY; OCEAN TERMINAL SERVICES, INC.; PACIFIC CRANE MAINTENANCE COMPANY LP; PACIFIC RO-RO; STEVEDORING, LLC; PASHA STEVEDORING & TERMINALS LP; PORT MAINTENANCE GROUP; SSA MARINE, INC.; SSA TERMINALS, LLC; TERMINAL EQUIPMENT SERVICES, INC.; TOTAL TERMINALS INTERNATIONAL, LLC; TRANSPAC TERMINAL SERVICES, LLC; TRAPAC, LLC; YUSEN TERMINALS, INC.; and DOES 1-50, inclusive (collectively "Defendants") and alleges on information and belief as follows:

## I. JURISDICTION AND VENUE

1. The United States District Court for the Northern District of California has jurisdiction over this case under CAFA because: (i) diversity of citizenship exists between at least one putative class member and one Defendant; (ii) the aggregate number of putative class members in all proposed classes is 100 or greater; and (iii) the amount placed in controversy by the Complaint exceeds, in the

aggregate, $5 million, exclusive of interest and costs. See 28 U.S.C. §§ 1332(d)(2) & (d)(5)(B), 1453. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims alleged herein arising under the California Labor Code.

2. This Court has personal jurisdiction over the Defendants because it has sufficient minimum contacts in the State to render the exercise of jurisdiction by this Court proper and necessary. Defendants intentionally avail itself of the markets within this State through the promotion, sale, marketing, and distribution of its services.

3. Venue is proper in the Northern District of California under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. Defendants conduct business in California and each Defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California and within Brea and elsewhere in California. Defendants employ numerous Class Members in the County of Orange and throughout California.

4. Defendants are corporations, limited liability companies, and partnerships that are doing business in California, and operating at various locations throughout the state of California. On information and belief, Defendants have conducted business within the State of California during the purported liability period and continue to conduct business throughout the State of California. The unlawful acts alleged herein have had a direct effect on Plaintiffs, and the similarly situated non-exempt employees throughout the State of California, and Defendants employ or have employed sufficiently numerous Class Members as non-exempt employees.

## II. PARTIES

5. Plaintiffs, McCOLLEY, was at all times relevant to this action, a

resident of California. Plaintiffs was employed by Defendants in approximately October 2006 as a Non-Exempt Employee, at the National City Marine Terminal with the title of Long Shoreman until Plaintiff's separation from Defendants' employ in approximately July 2024. At all times during her employment, Plaintiffs was and is a member of the International Longshore and Warehouse Workers Union ("ILWU").

6. Plaintiffs, ALVAREZ, was at all times relevant to this action, a resident of California. Plaintiffs was employed by Defendants in approximately July 2006 as a Non-Exempt Employee, with the title of Long Shoreman (A Class) until Plaintiff's separation from Defendants' employ in approximately March 2023. At all times during his employment, Plaintiffs was and is a member of the ILWU.

7. Defendants PACIFIC MARITIME ASSOCIATION; APM TERMINALS PACIFIC LLC; APS STEVEDORING, LLC; BENICIA PORT TERMINAL COMPANY; CERES TERMINALS INCORPORATED; CRESCENT CITY MARINE WAYS & DRYDOCK COMPANY, INC.; EAGLE MARINE SERVICES, LTD.; EVERPORT TERMINAL SERVICES, INC.; HARBOR INDUSTRIAL SERVICES CORPORATION; INNOVATIVE TERMINAL SERVICES INC.; INTERNATIONAL TRANSPORTATION SERVICE INC.; KINDER MORGAN BULK TERMINALS LLC; LBCT, LLC; MARINE TERMINALS CORPORATION; MARINE TERMINALS CORPORATION OF LOS ANGELES; MATSON NAVIGATION COMPANY, INC.; MATSON TERMINALS, INC.; METROPOLITAN STEVEDORE COMPANY; OCEAN TERMINAL SERVICES, INC.; PACIFIC CRANE MAINTENANCE COMPANY LP; PACIFIC RO-RO; STEVEDORING, LLC; PASHA STEVEDORING & TERMINALS LP; PORT MAINTENANCE GROUP; SSA MARINE, INC.; SSA TERMINALS, LLC; TERMINAL EQUIPMENT SERVICES, INC.; TOTAL TERMINALS INTERNATIONAL, LLC; TRANSPAC TERMINAL SERVICES, LLC; TRAPAC, LLC; YUSEN TERMINALS, INC.; operate as freight, operations,

and logistics companies throughout the West Coast ports in California. Defendants are joint employers of Plaintiffs as evidenced by paycheck, standardized company employment handbooks, by standardized policies and procedures, by the company Plaintiffs performs work for respectively and are therefore jointly responsible as employers for the conduct alleged herein.

8. Defendant Pacific Maritime Association is a California Corporation with its principal place of business in San Francisco, California. Plaintiffs allege that Defendant Pacific Maritime Association employed Plaintiffs as a "person employment another under any appointment or contract of hire." *See* California Labor Code § 245.5(c)(1). Plaintiffs allege that Defendant Pacific Maritime Association engaged, suffered or permitted Plaintiffs to work. *See* Industrial Welfare Commission Wage Order 9-2001; *see also* San Francisco Labor & Employment Code, §11.2(d). Defendant Pacific Maritime Association was Plaintiffs' direct or indirect employer for the following reasons: (1) Defendant Pacific Maritime Association hired Plaintiffs to work for not only Pacific Maritime Association but also Pacific Maritime Association's Member companies including, but not limited to the named DEFENDANTS, (2) Plaintiffs' job application was submitted to Pacific Maritime Association, (3) Pacific Maritime Association issued Plaintiffs' W-2 forms, (4) Pacific Maritime Association is designated as an employer on all of Plaintiffs' wage statements, (5) Plaintiffs' wage rates were determined by Pacific Maritime Association through direct negotiations with the union Plaintiffs belongs to, (6) Plaintiffs believes, and thereon alleges, that Pacific Maritime Association maintains the personnel records, wage records, and time records for all Class Members, (7) Plaintiffs believe, and thereon alleges, that Pacific Maritime Association submits daily orders for waterfront labor at various California ports and works in partnership with the ILWU to dispatch workers including, but not limited to Plaintiffs and the Class Members and the daily orders reference the jobs which need to be completed for the other named Defendants, (8) Pacific Maritime

Association processes payroll for Plaintiffs and the Class Members and all Member companies, including the Defendants, (9) Pacific Maritime Association provides job and safety training to the Class Members, including Plaintiffs (*see* https://www.pmanet.org/fact-sheets/safety-and-training/), (10) "PMA provides comprehensive safety training to all workers as part of their initial orientation, and safety lessons are reinforced at job sites daily. Since 1991, over 97,000 dockworkers have graduated from the Coastwide General Safety Training program administered by PMA and the ILWU." (*See Id.*), (11) Plaintiffs believes, and thereon alleges, that Pacific Maritime Association may discipline, counsel, and terminate the employment of the Class Members.

9. Defendant Pacific Maritime Association, at all relevant times, is the agent of multiple Member companies including, but not limited to the Defendants APM TERMINALS PACIFIC LLC; APS STEVEDORING, LLC; BENICIA PORT TERMINAL COMPANY; CERES TERMINALS INCORPORATED; CRESCENT CITY MARINE WAYS & DRYDOCK COMPANY, INC.; EAGLE MARINE SERVICES, LTD.; EVERPORT TERMINAL SERVICES, INC.; HARBOR INDUSTRIAL SERVICES CORPORATION; INNOVATIVE TERMINAL SERVICES INC.; INTERNATIONAL TRANSPORTATION SERVICE INC.; KINDER MORGAN BULK TERMINALS LLC; LBCT, LLC; MARINE TERMINALS CORPORATION; MARINE TERMINALS CORPORATION OF LOS ANGELES; MATSON NAVIGATION COMPANY, INC.; MATSON TERMINALS, INC.; METROPOLITAN STEVEDORE COMPANY; OCEAN TERMINAL SERVICES, INC.; PACIFIC CRANE MAINTENANCE COMPANY LP; PACIFIC RO-RO; STEVEDORING, LLC; PASHA STEVEDORING & TERMINALS LP; PORT MAINTENANCE GROUP; SSA MARINE, INC.; SSA TERMINALS, LLC; TERMINAL EQUIPMENT SERVICES, INC.; TOTAL TERMINALS INTERNATIONAL, LLC; TRANSPAC TERMINAL SERVICES, LLC; TRAPAC, LLC; YUSEN TERMINALS, INC.;

According to Pacific Maritime Association's website: "On behalf of our member companies, we help ensure West Coast ports remain vibrant economic engines for the region and the nation." https://www.pmanet.org/about/#our-mission. Defendant Pacific Maritime Association refers to the remaining Defendants as part of "Our 71 member companies consist of domestic carriers, international carriers, terminal operators and stevedores that operate in California, Oregon and Washington." *See Id.* Defendant Pacific Maritime Association's Board of Directors is "composed of leading executives from [its] member companies" which include the other named Defendants. *See Id.* Plaintiffs believe and understands and, thereon alleges, that Defendant Pacific Maritime Association represents the shipping companies and terminal operators in negotiating and administering maritime labor agreements with the ILWU. Plaintiffs and the Class Members are all members of the ILWU and are, therefore, direct employees working at the California ports for Defendant Pacific Maritime Association and the remaining Defendants (i.e. the Member companies). Plaintiffs believe and understands and thereon alleges that Defendant Pacific Maritime Association is operated and controlled by several of the Defendants as Pacific Maritime Association's Board of Directors is composed of executives from these other Member Companies including, but not limited to Defendant SSA Marine. According to Defendant Pacific Maritime Association, "PMA is governed by a Board of Directors, composed of leading executives from our member companies." *See* https://www.pmanet.org/about/#membership. Various steering committees who assist in running Pacific Maritime Association have representatives from other Defendants including, but not limited to defendant SSA Terminals, TRAPAC, and Everport. *See* 2023 PMA Annual Report at pp. 7 – 9 (https://pma.uberflip.com/i/1517839-2023-pma-annual-report/33?).

10. All Defendants herein are joint employers of Plaintiffs and the Class Members. Separate entities can be considered as joint employers of the same employee in circumstances where the entities share or codetermine essential terms

and conditions of employment for the employee. Plaintiffs allege that the exercise of control over wages, hours, or working conditions, directly or indirectly, or through an agent or any other person was between the Defendants jointly as the Defendants were all interrelatedly involved in the construction, development and finalization of the collective bargaining agreement, handbooks, and written policies and procedures controlling the wages, hours and working conditions of Plaintiffs and the Class Members since all Defendants aside from Defendant Pacific Maritime Association are Member Companies of Defendant Pacific Maritime Association.

11. Plaintiffs believes, and therefore alleges, that all named Defendants qualify as a "single employer" because the entities are so interrelated with the named employer of Plaintiffs that the entities constitute a single, integrated employer. Defendant Pacific Maritime Association and the remaining Defendants are collectively liable as a single employer because they satisfy one or more of the following factors outlined by the California Court of Appeal: (1) an interrelation of operations, (2) common management, (3) common ownership or financial control, and (4) centralized control of labor relations. *Laird v. Capital Cities/ABC, Inc*. (1998) 68 Cal.App.4th 727, 737-738.

12. Plaintiffs estimates there are in excess of 100 Non-Exempt Employees who work or have worked for Defendants over the last four years.

13. Other than identified herein, Plaintiffs is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 50, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint when their true names and capabilities are ascertained.

14. Plaintiffs are informed and believe and thereon alleges that each defendant, directly or indirectly, or through agents or other persons, employed

Plaintiffs and other members of the Class, and exercised control over their wages, hours, and working conditions. Plaintiffs are informed and believe and thereon alleges that each Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendants are legally attributable to the other defendants.

## III. CLASS ACTION ALLEGATION

15. Pursuant to Fed.R.Civ.P. Rule 23(a) (1)-(4) and 23(b) (3), this action is brought and may be properly maintained as a class action. This action satisfies the ascertainability, numerosity, typicality, commonality, adequacy, predominance, and superiority requirements of those provisions.

16. Plaintiffs brings this action on her own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under Federal Rules of Civil Procedure 23.

17. The members of the Class are defined as follows:

> All persons who are or have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution. (collectively referred to as the "Class" or "Plaintiffs' Class" or "Class Members").

18. Plaintiffs also seeks to represent the subclass(es) composed of and defined as follows:

> **Sub-Class 1:** All Class Members who are or were employed by Defendants who worked in excess of six or ten hours in a work day but were not provided with a timely, uninterrupted, duty-free thirty-minute meal period (hereinafter collectively referred to as the "Meal Period Subclass").

> **Sub-Class 2:** All Class Members who are or were employed by Defendants who worked in excess of three and a half (3.5) or ten hours in a work day but were not authorized and permitted a rest period (hereinafter collectively referred to as the "Rest Period Subclass").

**Sub-Class 3:** All Class Members who are or were employed by Defendants and incurred business expenses as a result of the discharge of their duties but were not properly reimbursed by Defendants (hereinafter collectively referred to as the "Reimbursement Subclass").

**Sub-Class 4:** All Class Members who have been employed by Defendants at any time between February 2023 and the present and have separated their employment (hereinafter collectively referred to as the "Waiting Time Penalty Subclass").

**Sub-Class 5:** All Class Members who are or were employed by Defendants at any time between February 2025 and the present and who received wage statements from Defendant (hereinafter collectively referred to as the "Wage Statement Subclass").

**Sub-Class 6:** All Class Members who are or were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice Subclass").

19. Plaintiffs reserves the right under California Rule of Court 3.765(b) and other applicable laws to amend or modify the class definition with respect to issues or in any other ways. Plaintiffs is a member of the Class as well as each of the Sub-Classes.

20. The term "Class" includes Plaintiffs and all members of the Class and each of the Sub-Classes, if applicable. Plaintiffs seeks class-wide recovery based on the allegations set forth in this complaint.

21. There is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

22. Numerosity. The members of the Class are so numerous that individual joinder of all of them as Plaintiffs is impracticable. While the exact number of the Class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon alleges that there are at least 100 (one hundred) Class members.

23. Commonality. Common questions of law and fact exist as to all Class members

and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

i. Whether Defendants failed to pay minimum wage compensation to Plaintiffs and Class Members for all hours worked;

ii. Whether Defendants failed to accurately pay overtime to Plaintiffs and Class Members;

iii. Whether Defendants violated Labor Code sections 226.7, 512, and applicable IWC Wage Orders, by failing to authorize and permit daily rest periods to Plaintiffs and Class Members for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

iv. Whether Defendants violated Labor Code sections 226.7, 512 and applicable IWC Wage Orders, by failing to provide a meal period to Plaintiffs and Class Members on days they worked work periods in excess of six and 10 hours and failing to compensate said employees one hour wages in lieu of meal periods;

v. Whether Defendants failed to maintain accurate time record including recording Plaintiffs and Class Members' meal periods pursuant to Labor Code sections 1174.5 the applicable IWC Wage Orders;

vi. Whether Defendants failed to reimburse business expenses incurred pursuant to Labor Code section 2802;

vii. Whether Defendants failed to timely pay wages pursuant to Labor Code sections 201.3;

viii. Whether Defendants failed to timely pay wages upon separation of employment pursuant to Labor Code sections 201-203;

ix. Whether Defendants failed to pay vacation pay upon separation of employment pursuant to Labor Code sections 227.3 and 203;

x. Whether Defendants failed to provide accurate itemized wage

statements;

xi. Whether Defendants violated Business and Professions Code and Labor Code sections 201.3, 227.3, 510, 226.7, 226, 226.3, 512, 1174, 1174.5, 1175, 1194, 1197, 1197.1, 2802, and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy; and

xii. Whether Plaintiffs and the Members of the Plaintiffs Class are entitled to equitable relief pursuant to Business and Professions Code section 17200, *et. seq.*

xiii. Whether Plaintiffs and the Members of the Plaintiffs Class are entitled to relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant to Labor Code sections 558, 1194 and 1197.

24. Typicality. Plaintiffs' claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions. Plaintiffs and all members of the Class and or Subclass sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

25. Adequacy. Plaintiffs are qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclass with whom Plaintiffs have a well defined community of interest and typicality of claims, as demonstrated herein. Plaintiffs acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass. Plaintiffs' attorneys and the proposed Counsel for the Class and Subclass are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former and current employees of Defendants may also serve as representatives of the Class and Subclass if needed.

26. Superiority. A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The damages suffered by each Class member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

27. Public Policy Considerations: Employers in the state of California violate employment and labor laws everyday. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear or retaliation or damage.

## IV. FACTUAL ALLEGATIONS

28. At all times set forth herein, Defendants employed Plaintiffs and other persons in the capacity of non-exempt positions, however titled, throughout the state of California.

29. Plaintiffs are informed and believe Class Members have at all times pertinent hereto been Non-Exempt within the meaning of the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.

30. Defendants employed Plaintiffs and Class Members as a Non-Exempt

hourly paid employees during the liability period.

31. Defendants continue to employ Non-Exempt Employees, however titled, in California and implement a uniform set of policies and practices to all non-exempt employees, across all California ports.

32. Defendants each exercised control over the wages, hours, or working conditions of Plaintiffs and Class Members, or suffered or permitted them to work, or engaged Plaintiffs and the Class Members, resulting in a common law employment relationship.

33. Plaintiffs is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

34. On information and belief, during the relevant time frame, Plaintiffs and Class Members frequently worked well over eight (8) hours in a day and forty (40) hours in a work week and worked approximately four (4) to seven (7) days a week with approximately twelve 8-12 hour shifts.

35. Plaintiffs are informed and believe that Plaintiffs and Class Members were not compensated for all time worked as a result of off-the-clock work performed. For instance, there are days when Plaintiffs and Class Members would be required to report to dispatch in person twice in the same day but would not be dispatched. Defendants did not compensate Plaintiffs and Class Members for the time spent waiting to be dispatched. In addition, on other days, Plaintiffs and Class Members would arrive early to the port terminal dispatch office at approximately 6:15 a.m. and would wait for approximately 1 hour or more to be dispatched to a task and this would usually not occur until about 7:30 a.m. Despite this, Plaintiffs and Class Members would not be permitted to clock in until their scheduled start of 8:00 a.m. Defendants again did not compensate Plaintiffs and Class Members for the time spent waiting to be dispatched.

36. Furthermore, after Plaintiffs and Class Members clocked out for the day, they would spend approximately 15 minutes post shift at the dispatch office to fill out paperwork required by Defendants to be completed. Defendants did not permit Plaintiffs and Class Members to remain on the clock to complete this post-shift task. Defendants' also implemented an unlawful rounding practice which failed to accurately account for Plaintiffs' and Class Members time worked. Defendants also failed to compensate Plaintiffs and Class Members for reporting time pay during instances where they would report to work but be sent home within 2 hours from the start of their shift. Lastly, Defendants failed to compensate Plaintiffs and Class Members for training required to be completed outside of their work hours. As a result of the above a disproportionate underpayment of minimum wages and overtime wages occurred.

37. Plaintiffs and the Class Members were regularly required to work shifts in excess of five hours without being provided a lawful meal period and over ten hours in a day without being provided a second lawful meal period as required by law.

38. Indeed, during the relevant time, as a consequence of Defendants' staffing and scheduling practices, lack of coverage, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiffs and the Class Members timely, legally complaint uninterrupted 30-minute meal periods on shifts over five hours as required by law.

39. Similarly, as a consequence of Defendants' staffing and scheduling practices, lack of coverage, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiffs and the Class Members legally compliant second meal periods on shifts over ten hours as required by law.

40. On information and belief, Plaintiffs and Class Members did not waive their rights to meal periods under the law.

41. Plaintiffs and the Class Members were not provided with valid lawful

on-duty meal periods.

42. Despite the above-mentioned meal period violations, Defendants failed to compensate Plaintiffs, and on information and belief, failed to compensate Class Members, one additional hour of pay at their regular rate as required by California law when meal periods were not timely or lawfully provided in a compliant manner.

43. Plaintiffs are informed and believe, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiffs and the other Class Members were entitled to receive premium wages based on their regular rate of pay under Labor Code §226.7 but were not receiving such compensation.

44. In addition, during the relevant time frame, Plaintiffs and the Non-Exempt Employees were systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order.

45. Defendants maintained and enforced scheduling practices, policies, and imposed work demands that frequently required Plaintiffs and Class Members to forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof. Such requisite rest periods were not timely authorized and permitted as a result of Defendants' failure to provide relief for Plaintiffs and Class Members to take their lawfully required breaks.

46. Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiffs, and on information and belief, did not pay Class Members one additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which lawful rest periods were not authorized and permitted.

47. Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiffs and the Class Members in part because of the above specified violations. In addition, upon information and belief, Defendants omitted an

accurate itemization of total hours worked, including premiums due and owing for meal and rest period violations, gross pay and net pay figures from Plaintiffs and the Class Members ’ wage statements. Defendants also failed to provide applicable hourly rates and total hours worked associated with “Retro” payments on Defendants’ wages statements. Lastly, Defendants failed to properly identify the entity of the employers and employers’ address.

48. Plaintiffs is informed and believe, and thereon alleges, that at all times herein mentioned, Defendants knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiffs and Class Members for all wages owed including minimum wages, meal and rest period premiums, and accrued vacation pay at the time of separation. Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations. Therefore, Defendants failed to timely pay such owed wages pursuant to Labor Code sections 201-203 and 227.3.

49. Defendants also failed to reimburse Plaintiffs and Class Members for business expenses incurred pursuant to Labor Code section 2802. For instance, Plaintiffs and Class Members were also not reimbursed for mileage when using their personal vehicles to drive to other shipyards when a company vehicle was not available. Further, Plaintiffs and Class Members were not reimbursed for protective gear purchased such as vests, boots, hard hat, gloves, and safety glasses.

50. Upon information and belief, Defendants knew and or should have known that it is improper to implement policies and commit unlawful acts such as:

(a) requiring employees to work four (4) hours or a major fraction thereof without being provided a minimum ten (10) minute rest period and without compensating the employees with one (1) hour of pay at the employees’ regular rate of compensation for each workday that a rest period was not provided;

(b) requiring employees to work in excess of five (5) hours or ten (10) hours per day without being provided an uninterrupted thirty minute meal period and/or a second meal period, and without compensating employees with one (1) hour of pay at the regular rate of compensation for each workday that such a meal period was not provided;

(c) failing to pay Plaintiffs and Class Members for all wages including overtime wages owed;

(d) failure to reimburse business expenses;

(e) failing to provide accurate itemized wage statements; and

(f) conducting and engaging in unfair business practices.

51. In addition to the violations above, and on information and belief, Defendants knew they had a duty to compensate Plaintiffs and Class Members for the allegations asserted herein and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

52. Plaintiffs and Class Members they seek to represent are covered by, and Defendants are required to comply with, applicable California Labor Codes, Industrial Welfare Commission Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding applicable provisions of California Code of Regulations, Title 8, section 11000 *et seq*.

## **FIRST CAUSE OF ACTION**

## **FAILURE TO PAY WAGES INCLUDING OVERTIME**

**(Against All Defendants)**

53. Plaintiffs incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

54. At all times relevant, the IWC wage orders applicable to Plaintiffs' and the Class require employers to pay its employees for each hour worked at least minimum wage. "Hours worked" means the time during which an employee is

subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.

55. At all relevant times, Labor Code §1197 provides that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the established minimum is unlawful. Further, pursuant to the IWC Wage Order and Labor Code, Plaintiffs and Class Members are to be paid minimum wage for each hour worked, and cannot be averaged At all times relevant, the IWC wage orders applicable to Plaintiffs and Class Members' employment by Defendants provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

56. At all relevant times, Labor Code §1197.1 states "[a]ny employer or other persons acting individually as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties pursuant to Section 203.

57. Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

58. At all times relevant, Plaintiffs and Class Members regularly performed non-exempt work and thus were subject to the overtime requirements of the IWC Wage Orders, CCR § 11000, et. seq. and the Labor Code.

59. At all times relevant, Plaintiffs and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week as a result of the off-the-clock work performed and unlawful rounding practices as discussed above which resulted in a disproportionate underpayment of minimum and overtime wages.

60. Accordingly, Defendants owe Plaintiffs and Class Members overtime wages, and have failed to pay Plaintiffs and Class Members the overtime wages owed.

61. Pursuant to Labor Code §§ 510, 558 and 1194, Plaintiffs and Class Members are entitled to recover their unpaid wages and overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF

**(Against All Defendants)**

62. Plaintiffs incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

63. Pursuant to Labor Code §512, no employer shall employ an employee for a work

period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the

employer and the employee only if the first meal period was not waived.

64. Pursuant to the IWC wage orders applicable to Plaintiffs and Class Members' employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period. On information and belief, Plaintiffs and Class Members did not consent in writing to an "on duty" meal period. Further, the nature of the work of Plaintiffs and Class Members was not such that they were prevented from being relieved of all duties. Despite the requirements of the IWC wage orders applicable to Plaintiffs' and Class Members' employment by Defendants and Labor Code §512 and §226.7, Defendants did not provide Plaintiffs and Class Members with all their statutorily authorized meal periods.

65. For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiffs and Class Members, timely and uninterrupted meal periods of not less than thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiffs and Class Members' employment by Defendants. As a proximate result of the aforementioned violations, Plaintiffs and the other Class Members have been damaged in an amount according to proof at time of trial.

66. By their failure to provide a compliant meal period for each shift worked over five (5) hours and their failure to provide a compliant second meal period for any shift worked over ten (10) hours per day by Plaintiffs and the Class Members, and by failing to provide compensation in lieu of such non-provided meal periods, as alleged above, Defendants violated the provisions of Labor Code sections 226.7 and 512 and applicable IWC Wage Orders.

67. Plaintiffs and the Class Members Plaintiffs seeks to represent did not voluntarily or willfully waive meal periods and were regularly required to work shifts without being provided all of their legally required meal periods. Defendants

created a working environment in which Plaintiffs and Class Members were not provided all of their meal periods due to shift scheduling and/or work related demands placed upon them by Defendants as well as a lack of sufficient staffing to meet the needs of Defendants' business as discussed above. On information and belief, Defendants' implemented a policy and practice which resulted in systematic and class-wide violations of the Labor Code. On information and belief, Defendants' violations have been widespread throughout the liability period and will be evidenced by Defendants' time records for the Class Members.

68. As a result of the unlawful acts of Defendants described herein, Plaintiffs and the Class Members they seek to represent have been deprived of premium wages in amounts to be determined at trial. Pursuant to Labor Code §226.7, Plaintiffs and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided, along with interest and penalties thereon, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF

**(Against All Defendants)**

69. Plaintiffs incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

70. Pursuant to the IWC wage orders applicable to Plaintiffs and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof…. Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages." Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any

rest period mandated by an applicable order of the IWC.

71. Defendants were required to authorize and permit employees such as Plaintiffs and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiffs' and Class Members' employment by Defendants, Defendants failed and refused to authorize and permit Plaintiffs and Class Members, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

72. On information and belief Defendants created a working environment in which Plaintiffs and Class Members were not provided all of their rest periods due to shift scheduling and/or work related demands placed upon them by Defendants as well as a lack of sufficient staffing to meet the needs of Defendants' business as discussed above. On information and belief, Defendants implemented a policy and practice which resulted in systematic and class-wide violations of the Labor Code. On information and belief, Defendants' violations have been widespread throughout the liability period.

73. As a proximate result of the aforementioned violations, Plaintiffs and Class Members have been damaged in an amount according to proof at time of trial. Pursuant to Labor Code §226.7, Plaintiffs and Class Members are entitled to recover one (1) hour of premium pay for each day in which Defendants failed to provide a rest period to Plaintiffs and the Class, plus interest and penalties thereon, attorneys' fees, and costs

## FOURTH CAUSE OF ACTION

## FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES

**(Against All Defendants)**

74. Plaintiffs incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

75. Labor Code § 2802 requires Defendants to indemnify Plaintiffs and Class Members for necessary expenditures incurred in direct consequences of the discharge of his or her duties. As a necessary part of employment, Plaintiffs and on information and belief Class Members, were not adequately reimbursed by Defendants for expenses related to the purchase of safety equipment and for mileage for the use of personal vehicles described above, which were incurred as a direct consequence of the discharge of duties by Plaintiffs and Class Members. Despite these realities of the job, Defendants failed to provide reimbursements.

76. Labor Code §2804 states in pertinent part: "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his or her personal representative of any right or remedy to which he is entitled under the laws of this State."

77. As a result of the unlawful acts of Defendants, Plaintiffs and the Class Members have been deprived of un-reimbursed expense amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 2802.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

**(Against All Defendants)**

78. Plaintiffs incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

79. Section 226(a) states that An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any

applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer.

80. Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiffs and the Class including applicable hourly rates among other things. Defendants have knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage statements that have been provided to Plaintiffs and the Class.

81. IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiffs and the Class. On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226 including identifying Plaintiffs' and Class Members' correct employer and the employer's address.

82. Defendants have failed to accurately record all time worked.

83. Defendants have also failed to accurately record the meal and rest period premiums owed and all wages owed per pay period.

84. Plaintiffs and the Class have been injured as they were unable to determine whether they had been paid correctly for all hours worked per pay period among other things.

85. Pursuant to Labor Code section 226, Plaintiffs and the Class are

entitled up to a maximum of $4,000 each for record keeping violations.

86. Pursuant to Labor Code section 226.3, any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

## SIXTH CAUSE OF ACTION

**FAILURE TO PAY TIMELY PAY WAGES UPON SEPARATION**

**LABOR CODE**

**§ 203**

**(Against All Defendants)**

87. Plaintiffs incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

88. Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

89. Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

90. Pursuant to Labor Code § 227.3, "unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having

taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness."

91. During the relevant time period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiffs and Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ. These wages include regular and overtime, meal and rest period premiums, and accrued vacation pay.

92. As a result, Defendants are liable to Plaintiffs and Class Members for waiting time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et.seq.**

**(Against All Defendants)**

93. Plaintiffs incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

94. Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs and Class Members, Defendants' competitors, and the general public. Plaintiffs seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

95. Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in

violation of California Business and Professions Code §§17200, et seq.

96. A violation of California Business and Professions Code §§17200, et seq., may be predicated on the violation of any state or federal law. Defendants' policy of failing to pay Plaintiffs and Class members all wages due and owing including overtime wages, vested vacation pay, failing to reimburse business expenses, and to provide Plaintiffs and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames, violates Labor Code § 227.3, § 226.7, §512, §1194, §510, 2802, and applicable IWC Wage Orders and California Code of Regulations.

97. Plaintiffs and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

98. Pursuant to California Business and Professions Code §§17200, et seq., Plaintiffs and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees, interest; and an award of costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against Defendants, as follows:

### Class Certification

1. That this action be certified as a class action;
2. That Plaintiffs be appointed as the representative of the Class;
3. That Plaintiffs be appointed as the representative of the Subclass; and
4. That counsel for Plaintiffs is appointed as counsel for the Class and Subclass.

### On the First Cause of Action

1. For compensatory damages equal to the unpaid balance of minimum

wage compensation and overtime owed to Plaintiffs and Class members as well as interest and costs;

2. For reasonable attorneys' fees and costs pursuant to Labor Code §§ 510, and 1194;

3. For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code §§ 1194.2, 558;

4. For such other and further relief as the Court deems proper.

<u>On the Second Cause of Action</u>

1. For one (1) hour of premium pay for each day in which a required meal period was not provided or not provided in a timely manner; and

2. For such other and further relief as the Court deems proper.

<u>On the Third Cause of Action</u>

1. For one (1) hour of premium pay for each day in which a required rest period was not authorized or permitted; and

2. For such other and further relief as the Court deems proper.

<u>On the Fourth Cause of Action</u>

1. For statutory penalties pursuant to Labor Code §2802;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

<u>On the Fifth Cause of Action</u>

1. For statutory penalties pursuant to Labor Code §226;

2. For interest for wages untimely paid;

3. For penalties pursuant to Labor Code §226.3; and

4. For such other and further relief as the Court deems proper.

<u>On the Sixth Cause of Action</u>

1. For statutory penalties pursuant to Labor Code §203;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

On the Seventh Cause of Action

1. That Defendants, jointly and/or severally, pay restitution of sums to Plaintiffs and Class Members for their past failure to reimburse expenses, pay wages including overtime, premium wages for meal and/or rest periods, that were not provided as described herein to Plaintiffs and Class Members, and to reimburse expenses, over the last four (4) years in an amount according to proof;

2. For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

3. For reasonable attorneys' fees that Plaintiffs and Class Members are entitled to recover;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs and members of the Class and Subclass request a jury trial in this matter.

Dated: February 25, 2026

JAMES HAWKINS APLC

By: ______________________________

JAMES R. HAWKINS, ESQ.
GREGORY MAURO, ESQ.
MICHAEL CALVO, ESQ.
LAUREN FALK, ESQ.
AVA ISSARY, ESQ.

Attorneys for Plaintiffs ERIKA QUINTERO McCOLLEY individually and on behalf of all others similarly situated.